# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METACAPITAL MANAGEMENT, L.P.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | No.: 1:22-cv-07615 (PKC)<br><br>**STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(d) CLAWBACK ORDER** |

## 1. PURPOSE

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents in this or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

## 2. CLAWBACK AGREEMENT

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time following its discovery.

As soon as practicable after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

### 3.   PROCEDURES FOLLOWING CLAWBACK NOTICE

a) Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

b) If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within fourteen (14) business days of receiving the Clawback Notice.

c) Within fourteen (14) business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

d) The receiving party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

## 4. PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS

In the event that a receiving party discovers that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, the receiving party promptly shall (i) sequester the document(s), and (ii) within four (4) business days of such discovery, notify the producing party of the possible production or disclosure by identifying the bates range(s) of the document(s) the receiving party believes are or may be privileged or protected, and were or may have been produced or disclosed (an "Production Notice"). Upon the producing party receiving a Production Notice, if the producing party determines that the subject document(s) are privileged or protected, the receiving party shall immediately destroy or return the Protected Documents and the producing party shall promptly provide any replacement images as described in Section 2 above.

## 5. PROCEDURES DURING DEPOSITION AND HEARING

a) If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Protected Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Protected Document. As to any testimony subject to a claim of privilege or protection, the producing party shall serve a Clawback Notice within four (4) business days after receipt of the final transcript of the deposition, after which the parties shall

follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

b)      If a receiving party uses Protected Documents in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those Protected Documents in advance of the briefing event or hearing, the producing party must serve a Clawback Notice within four (4) business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 3 apply. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

## 6.    **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained, privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action. The party must immediately notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: July 18, 2023

By: _____

David M. Lamb
Anthony J. Dreyer
Jordan A. Feirman
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
anthony.dreyer@skadden.com
jordan.feirman@skadden.com
david.lamb@skadden.com

*Attorneys for Plaintiff Metacapital Management, L.P.*

DATED: July 18, 2023

By: _____

Dennis L. Wilson
Olivia Poppens-Schultz
Kilpatrick Townsend & Stockton LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067
dwilson@kilpatricktownsend.com
opoppens@kilpatricktownsend.com

Nichole Davis Chollet
Erica C. Chanin
Jessica W. Truelove
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4528
nchollet@kilpatricktownsend.com
echanin@kilpatricktownsend.com
jtruelove@kilpatricktownsend.com

H. Forrest Flemming, III
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
Suite 2100
New York, NY 10036
fflemming@kilpatricktownsend.com

*Attorneys for Defendant Meta Platforms, Inc.*

IT IS SO ORDERED, this _____ day of _____ 2023.

_____
United States District Judge Castel