UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METACAPITAL MANAGEMENT, L.P.,

                Plaintiff,

-against-

META PLATFORMS, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2024

**OPINION AND ORDER ON MOTIONS TO SEAL**

1:22-CV-07615 (PKC)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This action concerns claims against Meta Platforms Inc. ("MPI") for trademark infringement and unfair competition brough by Metacapital Management, L.P. ("Metacapital"). The parties have moved to seal documents submitted in connection with discovery disputes, as well as a portion of the transcript of a hearing held before the undersigned on March 4, 2024, regarding those disputes. (ECF Nos. 81, 87, 94). For the reasons stated below, the motions to seal are GRANTED.

**LEGAL FRAMEWORK**

      The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

      In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful

in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public

disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

The sealed materials at issue here all relate to discovery disputes and a letter motion to compel. Since these motions, "at least on their face, call upon the court to exercise its Article II powers," and "erroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm," they are "subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F. 3d 41, 50 (2d Cir. 2019). However, the presumption is generally somewhat lower than the presumption applied to materials submitted for trial or related to dispositive motions.

MPI has articulated that public disclosure of the material it seeks to seal, which includes mostly confidential information about existing products and negotiations with other parties, would inflict a "significant competitive disadvantage." (See ECF 94.) Court have found that such sensitive business information including negotiations may remain under seal even where a stronger presumption of access would apply. *See, e.g., In re Zimmer M/L Taper Hip Prosthesis*,

2021 WL 4706199, at *2 (S.D.N.Y. Oct, 8, 2021); *New York v. Actavis, PLC,* 2014 WL 5353773, at *3 (S.D.N.Y. Oct. 21, 2014).  The parties' proposed redactions are narrowly tailored to protect these specific interests.  Thus, I find that it is appropriate to grant the parties' motions to seal in accordance with *Lugosch* and its progeny.

## CONCLUSION

The parties' motions to seal at ECF Nos. 81, 87, and 94 are GRANTED.  The documents at ECF Nos. 83, 88, and 95 may remain under seal.. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 81, 87, and 94.**

SO ORDERED.

Dated:   April 5, 2024
         New York, New York

_Katharine H. Parker_
───────────────────────────────
KATHARINE H. PARKER
United States Magistrate Judge